UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY ARON, | ) | Case No. 4:03 CV 0070 |
| | ) | |
| Plaintiff, | ) | Judge Peter C. Economus |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| ROY L. MORRISON, et al., | ) | |
| | ) | |
| Defendants. | ) | Magistrate Judge James S. Gallas. |
| | ) | |

Plaintiff Anthony Aron (Aron), a pro se prisoner, brings this Bivens action against Defendants Roy L. Morrison (Morrison) and Mary Burns (Burns), respectively Aron's warden and unit manager during his incarceration at FCI Elkton, OH (FCI Elkton). While incarcerated at FCI Elkton, Aron complained of breathing complications and was diagnosed with asthma, for which he must use an inhaler. Aron alleges that environmental tobacco smoke (ETS), also known as second-hand smoke, which he inhaled in the bathroom in his unit at FCI Elkton, caused the asthma. FCI Elkton has a no-smoking policy in non-smoking designated areas.

Aron initiated the FCI Elkton prisoner grievance procedure to enforce the no-smoking policy and alleviate his condition. Aron submitted a Request for Administrative Remedy, in which he requested to be sent to a non-smoking unit or transferred to another facility. Defendant Mary Burns denied the request, informing Aron in writing that smoking is prohibited in all units at FCI Elkton, and that prison staff would continue to monitor the units to prevent inmates from smoking in prohibited areas. Aron subsequently submitted a Request for Administrative Remedy to Defendant Morrison,

4:03 CV 0070                                                    2

who wrote to Aron in response that smoking is prohibited in all buildings at FCI Elkton, and that prison staff takes pro-active measures to enforce the no-smoking policy and punish inmates caught smoking in prohibited areas.  Aron subsequently submitted an appeal to Regional Director Ray, who denied the appeal, and informed Aron in writing that smoking is prohibited in all buildings at FCI Elkton, and that prison staff monitor smoking and punish inmates who are caught smoking in prohibited areas.  Aron exhausted his remedies pursuant to the FCI Elkton grievance procedure, to no resolution.  Aron, who is no longer incarcerated at FCI Elkton, now brings this Bivens action against Defendants Morrison and Burns.

Aron alleges that Defendants exhibited deliberate indifference to his health in violation of the Eighth Amendment by not adequately enforcing the no-smoking policy at FCI Elkton, for which he seeks monetary relief.  In his complaint, Aron named Defendants Morrison and Burns in their individual capacities.

Neither defendant filed an answer in response to the complaint.  Instead, Defendants filed a motion to dismiss in lieu of answer, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, because Aron failed to properly effect service within 120 days of filing his complaint pursuant to Rules 4(i) and 4(m) of the Federal Rules of Civil Procedure.  In October 2003, returns of service upon Defendants Morrison and Burns were docketed.  Aron has not, however, served Defendants with the complaint pursuant to Rule 4(i)(2)(B) of the Federal Rules of Civil Procedure.  Rule 4(i)(2)(B) of the

4:03 CV 0070                                            3

Federal Rules of Civil Procedure provides:

> Service on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States–whether or not the officer or employee is sued also in an official capacity–is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule 4 (e), (f), or (g).

Aron is suing Defendants for acts or omissions that occurred in connection with their performance of duties on behalf of the United States. Defendants' enforcement of the prison no-smoking policy and their decisions in response to Aron's grievances were well within the scope of their duties as prison officials. Aron, in his complaint, indicates that he considers Defendants Morrison and Burns to have acted in connection with their duties as government employees by naming them thus: "Roy L. Morrison, FCI Elkton, Warden; Mary Burns, A/A Unit Manager." Furthermore, the Assistant United States Attorney signed Defendants' motion to dismiss, indicating that Defendants also consider Morrison and Burns to have acted in connection with their duties as government employees. Because Defendants' acts or omissions occurred in connection with their performance of duties on behalf of the United States, Rule 4(i)(2)(B) applies.

Pursuant to Rule 4(i)(2)(B), Aron must satisfy Rules 4(e) and 4(i)(1) to effect proper service. Return of service was executed by certified mail upon Defendant Burns on January 10, 2003, and on Defendant Morrison on February 21, 2003, pursuant to Rule 4(e). Plaintiff Aron, however, has not served a copy of the complaint to the Attorney General of the United States at Washington, D.C. and

4:03 CV 0070                                              4

to the United States attorney's office for the district in which the action is brought, pursuant to Rule 4(i)(1).  Aron filed the complaint on January 10, 2003.  Rule 4(m) requires service of the complaint to be made within 120 days after the filing of the complaint.  Well more than 120 days have elapsed since Aron filed the complaint.

Aron's failure to comply with Rule 4(i)(2)(B), however, is not automatic grounds for dismissal.  Rule 4(i)(3)(B) requires the court to "allow a reasonable time to serve process under Rule 4(i) for the purpose of curing the failure to serve . . . the United States in an action governed by Rule 4(i)(2)(B), if the plaintiff has served an officer or employee of the United States sued in an individual capacity."  Rule 4(i)(3) is intended to prevent dismissal of cases for technical defects under a strict construction of Rule 4(i)(2).  An Advisory Committee Note to the 2000 Amendment to Rule 4 provides:

> Paragraph (3) is amended to ensure that failure to serve the United States in an action governed by paragraph 2(B) does not defeat an action.  This protection is adopted because there will be cases in which the plaintiff reasonably fails to appreciate the need to serve the United States.  There is no requirement, however, that the plaintiff show that the failure to serve the United States was reasonable.  A reasonable time to effect service on the United States must be allowed after the failure is pointed out.

Generally Aron would be entitled to a reasonable time to cure the defect after the failure was pointed out.

His complaint, however, fails to state a claim and further delay is unnecessary because Rule

4:03 CV 0070                                              5

12(b)(6) allows dismissal when the complaint fails to state a claim upon which relief can be granted.

Supervisory personnel may not be held liable under *Bivens*[1] solely upon the basis of *respondeat superior*.  *See Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed.2d 611 (1978); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  Bivens liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance.  *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.  *Bellamy* at 421.  At a minimum, a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.  *Id.*

Here, Aron's only allegations involve Defendants' denial of his administrative grievances and their failure to remedy his grievance.  There is no allegation that either defendant directly participated, encouraged, authorized, or acquiesced in Aron's alleged exposure to ETS (environmental tobacco smoke).  Aron's complaint fails to state a claim against Defendants under a respondeat superior theory of liability.  *See Nwaebo v. Hawk-Sawyer*, 100 Fed.Appx. 367 (6th Cir. 2004).

---

[1] Plaintiff's case is a *Bivens*-type action against federal officials which is analogous to an action against state officials under 42 U.S.C. §1983.  See *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

4:03 CV 0070                                         6

In addition to failing to name a responsible party, the complaint lacks operative facts.  To state a cause of action under the Eight Amendment, Aron must allege that Defendants have, with deliberate indifference, exposed him to levels of ETS that pose an unreasonable risk of serious damage to his health.  *Helling v. McKinney*, 509 U.S. 25, 35, 113 S. Ct. 2475, 125 L. Ed.2d 22 (1993).  Defendants did not expose Aron to high levels of ETS with deliberate indifference to his health.  Defendants informed Aron that FCI Elkton is a non-smoking facility and that staff would continue to monitor and punish prisoners who violate the rules.  Aron's alleged exposure to ETS was limited to isolated incidents in the bathroom in his unit, where smoking is prohibited.  Defendants may not be held liable for the failure of prison guards to catch every prisoner who smokes in prohibited areas at FCI Elkton.  Aron's complaint fails to state a claim against Defendants under the Eighth Amendment.

### *CONCLUSION AND RECOMMENDATION*

For the foregoing reasons, defendants' Fed. R. Civ. P. 12(b) motion to dismiss for failing to properly effect service of the complaint should be granted and the complaint dismissed for failure to state a claim upon which relief can be granted.


                                                          s/James S. Gallas
                                                   United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice.  Failure to file objections within the specified time

4:03 CV 0070                                                    7

WAIVES the right to appeal the Magistrate Judge's recommendation. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985)


Dated: September 20, 2005